

JS 44 (Rev. 06/17)

BMS

18 CV 4120

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
DANIEL BARENBAUM, on behalf of himself and all others similarly situated

### DEFENDANTS
HAYT, HAYT & LANDAU, LLC and MIDLAND FUNDING, LLC

**(b)** County of Residence of First Listed Plaintiff   Bucks
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

Marcus & Zelman LLC 701 Cookman Ave Ste 300 Asbury Park NJ 07712
Tel: 732.695.3282 Email: ari@marcuszelman.com

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*
Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☒ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
15 U.S.C. 1692
Brief description of cause:
Defendant violated the FDCPA

## VII. REQUESTED IN COMPLAINT:
☒ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

SEP 24 2018

DATE
09/18/2018

SIGNATURE OF ATTORNEY OF RECORD
/s/ Ari Marcus

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

*BMS*

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

*18CV4120*

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: **160 Fairway Drive, Warminster, PA 18974**

Address of Defendant: Hayt, Hayt & Landau, LLC, Two Industrial Way West, Eatontown, NJ 07724 / Midland Funding 8875 Aero Dr, Ste 200 San Diego CA 92123

Place of Accident, Incident or Transaction: **Warminster, PA**

---

**RELATED CASE, IF ANY:**

Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when *Yes* is answered to any of the following questions:

1.  Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

2.  Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☑

3.  Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☑

4.  Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☑

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: **09/18/2018**   _____   **322283**
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

---

**CIVIL: (Place a √ in one category only)**

**A.   *Federal Question Cases:***

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☐ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10.  Social Security Review Cases
- ☑ 11.  All other Federal Question Cases
  *(Please specify):* **FDCPA**

**B.   *Diversity Jurisdiction Cases:***

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify):* _____
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability – Asbestos
- ☐ 9.  All other Diversity Cases
  *(Please specify):* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, **Ari Marcus**, counsel of record *or* pro se plaintiff, do hereby certify:

☑ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs:

☐ Relief other than monetary damages is sought.

DATE: **09/18/2018**   _____   **322283**
*Attorney-at-Law / Pro Se Plaintiff*   *Attorney I.D. # (if applicable)*

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

SEP 24 2018

Civ. 609 (5/2018)

BMS

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

### CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| DANIEL BARENBAUM, on behalf of himself and all others similarly situated | : | CIVIL ACTION |
| v. | : | |
| HAYT, HAYT & LANDAU, LLC and MIDLAND FUNDING, LLC | : | NO. *18CV4120* |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.     ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.     ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.     ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)     ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.     (X)

| | | |
|---|---|---|
| 09/18/18 | _____ | Plaintiff, Daniel Barenbaum |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 732.695.3282 | 732.298.6256 | ari@marcuszelman.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

SEP 24 2018

*$400*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DANIEL BARENBAUM, on behalf of
himself and all others similarly situated,

Plaintiffs,

-against-

HAYT, HAYT & LANDAU, LLC and
MIDLAND FUNDING, LLC,

Defendants.

Civil Action Number: 18cv4120

**CIVIL ACTION**

**CLASS ACTION COMPLAINT
AND
DEMAND FOR JURY TRIAL**

Plaintiff DANIEL BARENBAUM (hereinafter, "Plaintiff"), a Pennsylvania resident,
brings this class action complaint by and through the undersigned attorneys, against Defendants
HAYT, HAYT & LANDAU, LLC and MIDLAND FUNDING, LLC (hereinafter collectively
"Defendants"), individually and on behalf of a class of all others similarly situated, pursuant to
Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's
counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's
personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

1. This is a case about a collection law firm horribly abusing the legal process simply to
   intimidate and control the lives of the debtors it targets, all in an attempt to collect debts
   allegedly owed by those debtors. Midland Funding, LLC and the law firm it hired, Hayt,
   Hayt & Landau, LLC did this by subpoenaing debtors *en masse* to appear for debtor
   depositions which they had no intent on proceeding with. Instead, these subpoenas were
   simply used to get the debtors in the same room as the Defendants, who would then solely
   attempt to get the debtors to settle their debts.

SEP 24 2018

2. Congress enacted the FDCPA in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a). At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to material instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws . . . [we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

3. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

4. The Court has jurisdiction over this class action under 28 U.S.C. § 1331, 15 U.S.C. § 1692 *et seq.* and 28 U.S.C. § 2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. § 1367(a).

5. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(1).

## NATURE OF THE ACTION

6. Plaintiff brings this class action on behalf of a class of Pennsylvania consumers seeking redress for Defendant's actions of using an unfair and unconscionable means to collect a debt.

2

7. Defendant's actions violated § 1692 et seq. of Title 15 of the United States Code, commonly referred to as the Fair Debt Collections Practices Act ("FDCPA") which prohibits debt collectors from engaging in false, deceptive or misleading practices.

8. Plaintiff is seeking damages, and declaratory and injunctive relief.

## PARTIES

9. Plaintiff is a natural person and a resident of the State of Pennsylvania, and is a "Consumer" as defined by 15 U.S.C. §1692(a)(3).

10. Defendant Hayt, Hayt & Landau, LLC ("HHL") is a law office specializing in debt collection, formed as a limited liability company, with its principal place of business located in Eatontown, New Jersey and Philadelphia, Pennsylvania.

11. Upon information and belief, Defendant HHL is a company that uses the mail, telephone, and facsimile and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

12. Defendant HHL is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

13. Defendant Midland Funding, LLC ("MFL") is one of the nation's biggest buyers of defaulted unpaid debt, with its corporate headquarters located at 8875 Aero Drive, Suite 200, San Diego, CA 92123

14. Upon information and belief, Defendant MFL is a company whose sole and only purpose is to buy defaulted debts and then attempt to collect those debts.

15. Defendant MFL is a "debt collector," as defined under the FDCPA under 15 U.S.C. § 1692a(6).

3

## CLASS ALLEGATIONS

16. Plaintiff brings claims, pursuant to the Federal Rules of Civil Procedure (hereinafter "FRCP") Rule 23, individually and on behalf of the following consumer class (the "Class"):

   - (1) All consumers residing in the State of Pennsylvania, (2) who received a 'Notice of Deposition in Aid of Execution' from Defendant Hayt, Hayt & Landau, LLC similar to the form Letter annexed hereto as **Exhibit A,** (3) which sought to collect a consumer debt allegedly owed to Midland Funding, LLC (4) within one year prior to the filing of this instant action.

17. The Class satisfies all the requirements of Rule 23 of the FRCP for maintaining a class action:

   - Upon information and belief, the Class is so numerous that joinder of all members is impracticable because there are hundreds and/or thousands of persons who have received the identical 'Notice of Deposition in Aid of Execution' from the Defendant. Plaintiff is complaining of a standard form notice that is sent to hundreds or thousands of persons (*See* **Exhibit A,** except that the undersigned attorney has, in accordance with Fed. R. Civ. P. 5.2 partially redacted the financial account numbers in an effort to protect Plaintiff's privacy);

   - There are questions of law and fact which are common to the Class and which predominate over questions affecting any individual Class member.  These common questions of law and fact include, without limitation:

     a.    Whether Defendant attempted to abuse the legal process by serving

4

       subpoenas on debtors - thereby requiring them to take time to gather documents, prepare for, and then attend, a deposition under threat of contempt - when in actuality no deposition was ever intended and instead the compelled appearance was just an underhanded way for Defendant to obtain settlements from debtors.

b.     Whether Defendant's behavior violated the FDCPA.

c.     Whether Plaintiff and the Class have been injured by Defendant's conduct;

d.     Whether Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendant's wrongdoing and if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and

e.     Whether Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

- Plaintiff's claims are typical of the Class, which all arise from the same operative facts and are based on the same legal theories.

- Plaintiff has no interest adverse or antagonistic to the interest of the other members of the Class.

- Plaintiff will fairly and adequately protect the interest of the Class and has retained experienced and competent attorneys to represent the Class.

- A Class Action is superior to other methods for the fair and efficient adjudication of the claims herein asserted. Plaintiff anticipates that no unusual difficulties are likely to be encountered in the management of this class action.

- A Class Action will permit large numbers of similarly situated persons to prosecute their common claims in a single forum simultaneously and without the duplication of effort and expense that numerous individual actions would engender. Class treatment will also permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein. Absent a Class Action, class members will continue to suffer losses of statutory protected rights as well as monetary damages. If Defendant's conduct is allowed proceed to without remedy they will continue to reap and retain the proceeds of their ill-gotten gains.

- Defendant has acted on grounds generally applicable to the entire Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## ALLEGATIONS OF FACT

18. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs numbered as if the same were set forth at length herein.

19. Some time prior to June 15, 2018, an obligation was allegedly incurred by the Plaintiff to Credit One Bank, N.A. ("Credit One").

20. The Credit One obligation arose out of a personal credit card debt in which money,

6

property, insurance or services, which are the subject of the transaction, are primarily for personal, family or household purposes.

21. The alleged Credit One obligation is a "debt" as defined by 15 U.S.C.§ 1692a(5).

22. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

23. At some point prior to June 15, 2018, the Plaintiff's alleged debt was charged off by Credit One Bank.

24. Credit One then sold the Plaintiff's alleged debt to Midland Funding, LLC.

25. Defendant contends that the Credit One/Midland Funding debt is past due.

26. Midland Funding, LLC then hired the law firm of Hayt, Hayt & Landau, LLC to collect on this alleged debt.

27. On or about June 15, 2018, Defendant HHL caused to be delivered to the Plaintiff a 'Notice of Deposition in Aid of Execution' ("the Notice") in an attempt to collect the alleged Credit One debt now owned by MFL. *See* **Exhibit A.**

28. The June 15, 2018 Notice was sent or caused to be sent by persons employed by Defendant as a "debt collector" as defined by 15 U.S.C. §1692a(6).

29. The June 15, 2018 Notice was a "communication" as defined by 15 U.S.C. §1692a(2).

30. The June 15, 2018 Notice advised the Plaintiff that a judgment was obtained against him on the alleged debt, and that the Plaintiff was required to "appear and testify at a deposition" on July 6, 2018 regarding all of the Plaintiff's assets, income and property, which could be used to satisfy the judgment, and that the Plaintiff was required to remain at the deposition until excused.

31. The June 15, 2018 Notice letter further required the Plaintiff to bring twenty-one (21) different categories of documents, including bank statements, tax returns, pay stubs, unspecified 'contracts and agreements', apartment leases, mortgages, and so on.

32. Upon receipt of this Notice, the Plaintiff was alarmed and concerned that he would have to attend this deposition or suffer the consequences of failing to attend, including the possibility of being held in contempt of court.

33. The Plaintiff accordingly called Defendant HHL's office to determine if his appearance was actually necessary.  At that time, Plaintiff was advised by HHL's representative, that he was, in fact, required to show up to the deposition on that date.

34. As a result, the Plaintiff went and retained legal counsel to represent him in connection with this subpoena and deposition.

35. On July 6, 2018, the Plaintiff and his legal counsel presented themselves at the location specified in the June 15, 2018 deposition subpoena, as they were required to do.

36. At that time, the Plaintiff noted many other individuals who had received the very same notices from Defendant to appear for a deposition.

37. Noting that there was no court reporter present, the Plaintiff inquired as to how the deposition would possibly be proceeding without a court reporter.

38. At that time, Defendant HHL advised the Plaintiff that no court reporter would be appearing, that there was no real intent to take a deposition, and that instead the Plaintiff was invited to settle the alleged debt.

39. On information and belief, Defendant mailed a 'Notice of Deposition in Aid of Execution' in the form identical to that of Exhibit A to at least 50 natural persons residing in the State of Pennsylvania within one year of the date of this Complaint.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692d *et seq.*

40. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs herein with the same force and effect as if the same were set forth at length herein.

41. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d.

42. Pursuant to 15 U.S.C. § 1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

43. As set forth above, the Defendant used what facially appeared to be a legitimate deposition subpoenas to require the Plaintiff to (1) take time to attend a deposition, including the time it took to prepare for that deposition, and (2) gather the voluminous records sought by Defendant. However, Defendant never intended to actually take a deposition and instead this deposition subpoena was nothing more than a shameful ploy to get the Plaintiff in a room with Defendant, so that Defendant could push Plaintiff to settle his alleged debt.

44. It is clear that the Defendant's conduct had the natural – and intended – consequence of harassing, abusing and oppressing the Plaintiff into settling his alleged debt.

45. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692d *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

46. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

47. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

48. Pursuant to 15 U.S.C. §1692e, a debt collector may not "use any false, deceptive, or misleading representation or means in connection with the collection of any debt."

49. 15 U.S.C. §1692e further gives some examples of conduct that would violate this section:

- 15 U.S.C. §1692e(5) - The threat to take any action that cannot legally be taken or that is not intended to be taken.

- 15 U.S.C. §1692e(10 - The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

- 15 U.S.C. §1692e(13) - The false representation or implication that documents are legal process.

50. Defendant violated 15 U.S.C. §1692e generally, as well as §1692e(5), §1692e(10) and §1692e(13) by (a) serving the Plaintiff with a documents that appeared to be a legitimate deposition subpoena, but which was instead nothing more than an abuse of the Defendant's power to subpoena someone, all in an attempt to collect a debt and obtain information about the Plaintiff, and (2) falsely threatening to conduct a debtor examination when no such examination was ever actually intended.

51. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct

violated Section 1692e *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT III

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

52. Plaintiff repeats, reiterates and incorporates the allegations contained in the preceding paragraphs with the same force and effect as if the same were set forth at length herein.

53. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

54. Pursuant to 15 U.S.C. §1692f, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

55. Defendant violated 15 U.S.C. §1692f  by abusing its subpoena power to compel the Plaintiff to appear before the Defendant – ostensibly for a subpoenaed deposition – when in actuality the Defendant only intended to force Plaintiff to take time to prepare and appear for a deposition in the hopes that Plaintiff would instead try to settle the alleged debt.

56. By reason thereof, Defendant is liable to Plaintiff for judgment that Defendant's conduct violated Section 1692f *et seq.* of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff demands judgment against Defendants as follows:

    (a)    Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Plaintiff's counsel as Class Counsel;

    (b)    Awarding Plaintiff and the Class statutory damages;

    (c)    Awarding Plaintiff and the Class actual damages;

11

(d)    Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

(e)    Awarding pre-judgment interest and post-judgment interest; and

(f)    Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated: September 14, 2018

MARCUS & ZELMAN, LLC

By: /s/ Ari H. Marcus
Ari H. Marcus, Esq.
ATTORNEYS FOR PLAINTIFF
701 Cookman Avenue, Suite 300
Asbury Park, New Jersey 07712
Phone: (732)695-3282
Fax: 732-298-6256
Email: ari@MarcusZelman.com

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

Dated:  September 18, 2018

s/ Ari H. Marcus
Ari H. Marcus, Esq.

12

LAW OFFICES OF HAYT, HAYT & LANDAU, LLC
BY:   KEITH J. GOLUB - NO. 325353
TWO INDUSTRIAL WAY WEST
EATONTOWN, NJ 07724-0500
(732) 544-9080; TOLL-FREE: 1-877-429-8529
HHL FILE NO: 498139

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BUCKS

MIDLAND FUNDING LLC

       DOCKET NO: 2015-04521

           PLAINTIFF

       NOTICE OF DEPOSITION
       IN AID OF EXECUTION

     - VS -

DANIEL BARENBAUM

          DEFENDANT(S)

TO:  DANIEL BARENBAUM

    YOU ARE HEREBY NOTIFIED TO APPEAR AND TESTIFY AT A DEPOSITION IN AID OF EXECUTION concerning all of your income, assets and property, including personal property, which may be subject to execution in satisfaction of the judgment obtained by Plaintiff against you in the above-captioned case, and to remain at the Deposition until excused.

    YOU ARE TO APPEAR AT:

    PLACE: BUCKS COUNTY BAR ASSOCIATION
          135 EAST STATE STREET
          CONFERENCE ROOM B
          DOYLESTOWN, PA 18901
    DATE:  JULY 06, 2018
    TIME:   9:00 AM

    YOU ARE FURTHER REQUIRED TO BRING WITH YOU TO THE DEPOSITION originals or true copies of all documents as to your income, assets and property, including personal property owned solely or as a partial owner, including:

1)   Federal Tax Returns for 2015, 2016 and 2017;
2)   pay stubs for the past six (6) months;
3)   all bank statements for all checking, savings and money market
    accounts for the past six (6) months;

4)  1099's received for 2015, 2016 and 2017;
5)  all other documents and records showing all income, including
    self-employment income, from January 1, 2015 to date;
6)  certificates of deposit;
7)  all statements for all mutual fund and exchange traded funds for
    the past six (6) months;
8)  statements from Social Security or any insurance company issuing
    payment to you within six (6) months before the date of this
    Notice
9)  deeds;
10) apartment leases;
11) motor vehicle certificates of title;
12) mortgages;
13) books of account;
14) motor vehicle registration cards;
15) stock certificates;
16) bonds;
17) securities;
18) promissory notes;
19) contracts and agreements;
20) documents evidencing debts owed to you; and
21) trusts of which you are the beneficiary.

Law Offices of Hayt, Hayt & Landau, LLC

By: _____
    KEITH J. GORUB, ESQUIRE 325353
    Attorney for the Plaintiff

Dated: 6/15/8

HHL File No. ████

MARTIN RUBIN●

ARTHUR LASHIN△
KENNETH HAYES●
ROBERT L. BAROSKA III▶
PAUL J. KLEMM▶
ROBERT W. CUSICK▶ OF COUNSEL

● MEMBER NEW JERSEY, PENNSYLVANIA
  AND NEW YORK BARS
△ MEMBER PENNSYLVANIA BAR
▶ MEMBER NEW JERSEY AND PENNSYLVANIA BARS

LAW OFFICES OF
# HAYT, HAYT & LANDAU, LLC

TWO INDUSTRIAL WAY WEST
EATONTOWN, NEW JERSEY 07724-0500
TELEPHONE (732) 544-9080
FAX (732) 389-1756
WEBSITE: www.haytlaw.com

EMANUEL HAYT (1929-1983)
LILLIAN R. HAYT (1929-1963)
BERNARD D. LANDAU (1955-1988)

PENNSYLVANIA OFFICE
123 S. BROAD STREET
SUITE 1660
PHILADELPHIA, PA 19109-1003

TELEPHONE (215) 928-1400
FAX (215) 928-1514

JUNE 15, 2018

DANIEL BARENBAUM
[redacted]

RE: DEPOSITION NOTICE TO APPEAR IN AID OF EXECUTION ENCLOSED;
ALTERNATIVE TO APPEARANCE UNDER THE ENCLOSED DEPOSITION NOTICE

        PLAINTIFF: MIDLAND FUNDING LLC
        ORIGINAL CREDITOR: CREDIT ONE BANK, N.A.
        DEFENDANT: DANIEL BARENBAUM
        DOCKET NO: 2015-04521
        ACCOUNT NO: ************0148
        BALANCE DUE ON JUDGMENT: $1,135.39
        OUR FILE NO: [redacted]

    Judgment was entered against you in the above matter.  We represent
the Plaintiff.  Plaintiff is now conducting proceedings to discover
your assets under Court Rules.  -

    ENCLOSED IS A NOTICE OF DEPOSITION IN AID OF EXECUTION.
PLEASE READ THE NOTICE OF DEPOSITION IN AID OF EXECUTION WHICH IS
ENCLOSED CAREFULLY.  IT NOTIFIES YOU TO APPEAR AT A DEPOSITION TO
TESTIFY CONCERNING ALL ASSETS AND PROPERTY YOU OWN WHICH MAY BE SUBJECT
TO EXECUTION TO PAY THE JUDGMENT OWED BY YOU TO THE PLAINTIFF.
UNDER THE ENCLOSED NOTICE, YOU ARE TO APPEAR AT:

PLACE: BUCKS COUNTY BAR ASSOCIATION
        135 EAST STATE STREET
        CONFERENCE ROOM B
        DOYLESTOWN, PA 18901
DATE:  JULY 06, 2018
TIME:  9:00 AM

LAW OFFICES OF
# HAYT, HAYT & LANDAU, LLC

### ALTERNATIVE TO DEPOSITION
### OFFER GOOD THROUGH JULY 02, 2018

As an alternative to appearing at the Deposition, under the enclosed Notice of Deposition in Aid of Execution, you can settle the balance you owe under the judgment at a **20% balance reduction**. The balance is $1,135.39. You can settle the matter for the sum of $908.31, which is $227.08 less than the balance due. This offer is good through JULY 02, 2018. Contact us at 1-877-429-8529 to work out the details. You may pay on the web at **www.haytlaw.com**. Neither we nor our client is obligated to renew this offer.

The balance due on the judgment is calculated as follows: Unpaid balance: $1,011.39; Court costs: $124.00; Less credits: $.00; Balance due on judgment: $1,135.39. Interest is not accruing to our client.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

LAW OFFICES OF
HAYT, HAYT & LANDAU, LLC
Tel: 1-877-429-8529
Website: www.haytlaw.com

Encs. - Notice of Deposition in Aid of Execution

DANIEL BARENBAUM

#498139 - BUC