IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL BARENBAUM, *on behalf of himself and all others similarly situated*, Plaintiff, | : : : : : | CIVIL ACTION |
| v. | : : | |
| HAYT, HAYT & LANDAU, LLC, Defendant. | : : | No. 18-4120 |

# ORDER

**AND NOW**, this **13th** day of **January 2021**, pursuant to Federal Rule of Civil Procedure 23(e), upon consideration of the Joint Motion for Final Approval of Class Settlement and Plaintiff's Motion for Attorneys' Fees, Reimbursement of Expenses and Class Contribution Award, and following a Fairness Hearing conducted on January 6, 2021, and for the reasons set forth in the Court's Memorandum of this same date, the Court hereby orders and finds as follows:

1. By Order dated September 10, 2019, the Court previously certified a Class pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3) of: "all consumers residing in the Commonwealth of Pennsylvania who received a 'Notice of Deposition In Aid Of Execution' from the Defendant on an obligation owed or allegedly owed to Midland Funding, LLC, during the time period of September 25, 2017 to September 24, 2018, and who thereafter appeared as directed at the date, time and location noticed for the Deposition." For the reasons stated in that Order and Accompanying Memorandum, the Court recertifies this Class as the Settlement Class.

2. The Court has jurisdiction over this action, Plaintiff, Defendant, and the Settlement Class members.

3. The mailing of the Notice of Settlement, substantially in the form presented to this Court (Class Notice, Document No. 69-3), to Settlement Class members, as stated in the Declaration of the Class Administrator (Document No. 73-3), constitutes adequate notice of the Class Settlement Agreement, these proceedings, and the rights of Settlement Class members to opt out and/or object to the Class Settlement Agreement.

4. Due and adequate notice of the proceedings was given to the Settlement Class and a full opportunity to participate in the January 6, 2021 Fairness Hearing was offered to the Settlement Class. No class member gave notice of an intent to appear and present an objection at that hearing, thus, it is hereby determined that all Settlement Class members who did not opt out of the Settlement Class are bound by this final judgment and Order.

5. The Court finds that the Class Settlement Agreement (Document No. 73-2) is fair, reasonable, and adequate and hereby finally approves the Class Settlement Agreement.

6. The Class Administrator shall distribute the Class Recovery *pro rata* among those 326 Settlement Class members who did not exclude themselves ("Claimants"). Class Administrator will distribute *pro rata* shares of the Class Recovery by check sent by First Class mail with Forwarding Service Requested. In the event that a check is returned as undeliverable and a forwarding address is provided, the Class Administrator shall cause to be forwarded any such returned check to the address provided within four (4) days of receipt.

7. The Class Administrator shall attempt to contact the seven Claimants whose Notice of Settlement was returned as undeliverable, using any email or telephone contact information that was previously provided by Defendant for those Claimants, in order

to ascertain those seven Claimants' current addresses. If the Claimant provides the Class Administrator a current address, the Class Administrator shall distribute that Claimant's *pro rata* share of the Class Recovery to the address provided. If the Claimant does not provide the Class Administrator a current address, the Class Administrator shall distribute that Claimant's *pro rata* share of the Class Recovery to the Claimant's most current address available through the Class Administrator's standard address verification. If these Claimants' checks are returned as undeliverable, Class Administrator shall treat them equivalently to any checks that have not been cashed by the void date, as set forth in the Class Settlement Agreement paragraph 13(c).

8. The Court approves the parties' proposed *cy pres* recipient: Pennsylvania Legal Aid Network, located at 118 Locust Street in Harrisburg, Pennsylvania.

9. Pursuant to the Class Settlement Agreement, each class member who did not timely exclude himself or herself from the Settlement Class will release his or her Fair Debt Collections Practices Act claims against Hayt related to this particular Notice of Deposition in Aid of Execution received between September 25, 2017 and September 24, 2018. Settlement Class member releases do not encompass any other claims or defenses.

10. The Court finds $7,800 to Barenbaum is a fair and adequate incentive award for the services Plaintiff provided representing the class.

11. The Court finds $114,000 to Class Counsel is a reasonable award of attorneys' fees and costs.

12. The Court finds that the Class Settlement Agreement is fair and made in good faith.

13. The terms of the Class Settlement Agreement are incorporated into this Order. This

Order shall operate as a final judgment and dismissal without prejudice of the claims in this action.

14. After the Class Administrator has distributed the Class Recovery, and no later than thirty (30) days after the checks' void date, the parties shall file with the Court a report of Class Recovery distribution. Ten (10) days after the filing of this report, and if no party has filed any motion in response, dismissal of the claims shall be with prejudice.

15. The Court finds, in accordance with Fed. R. Civ. P. 54(b), that there is no just reason for delay of enforcement of, or appeal from, this Order.

16. The Court retains jurisdiction over any matter which may arise in connection with the administration of this Class Settlement Agreement.

**BY THE COURT:**

**/s/ Berle M. Schiller**
**Berle M. Schiller, J.**